UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN VITALICH,<br><br>    Appellant,<br><br>  v.<br><br>THE BANK OF NEW YORK MELLON, fka BANK OF NEW YORK,<br><br>    Appellee. | Case No. 16-cv-00420-BLF<br><br>**ORDER DENYING APPELLANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL**<br><br>[Re: ECF 16, 17] |

Debtor/Appellant John Vitalich, proceeding pro se, has appealed an order of the Bankruptcy Court holding that the automatic stay has expired with respect to a parcel of real property located in Seaside, California ("the Seaside property"). *See* Order on Motion for an Order Confirming No Automatic Stay in Effect, ECF 3-1.

On May 14, 2016, months after filing the appeal, Vitalich filed the present emergency motion for a stay of the Bankruptcy Court's order, seeking to prevent Appellee BNY Mellon[1] from going forward with a May 23, 2016 foreclosure sale of the Seaside property. In light of the scheduled foreclosure sale, the Court requested a response from BNY Mellon on extremely shortened time and scheduled Vitalich's motion for hearing on May 19, 2016.

For the reasons discussed below, Vitalich's motion for stay is DENIED.

---

[1] For the sake of convenience, the Court uses the shortened name "BNY Mellon" to refer to Appellee The Bank of New York Mellon, fka Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2006-OC3, Mortgage Pass-Through Certificates, Series 2006-OC3, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

## I. BACKGROUND

Vitalich commenced the current bankruptcy action – his third – by filing a Chapter 11 petition on November 6, 2015. BNY Mellon, asserting that it is a secured creditor and senior lienholder with respect to the Seaside property, filed a motion seeking confirmation that the automatic stay expired on December 6, 2015, thirty days after the filing of the petition, because the petition was the second bankruptcy action filed by Vitalich within a one-year period. BNY Mellon's motion was brought pursuant to 11 U.S.C. § 362(c)(3)(A), which provides that:

> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease *shall terminate with respect to the debtor on the 30th day after the filing of the later case*.

11 U.S.C. § 362(c)(3)(A) (emphasis added). BNY Mellon pointed out in its motion that the petition filed on November 6, 2015 was Vitalich's third bankruptcy petition, and second petition filed within a one-year period. Motion for an Order Stating no Automatic Stay in Effect or, Alternatively, for Relief from Automatic Stay and Sanctions against the Debtor, ECF 3-10. BNY Mellon argued that as a result, the automatic stay expired on the thirtieth day after the November 6, 2015 filing of Vitalich's bankruptcy petition. *Id.* BNY Mellon alternatively requested relief from the automatic stay. *Id.*

On December 31, 2015, the Bankruptcy Court issued the order that is the subject of Vitalich's appeal, granting BNY Mellon's motion pursuant to § 362(c)(3)(A) and stating that "the automatic stay provisions of 11 U.S.C. § 362 expired on 12/6/15." Order on Motion for an Order Confirming No Automatic Stay in Effect, ECF 3-1. The Bankruptcy Court did not address BNY Mellon's alternative request for relief from the automatic stay. *Id.*

Vitalich thereafter appealed the Bankruptcy Court's order confirming that the automatic stay expired thirty days after the filing of the petition. He has filed his opening brief on appeal; the deadlines for response and reply briefs have not yet elapsed. Vitalich unsuccessfully moved the Bankruptcy Court for a stay of its order pending appeal and now asks this Court for a stay.

## II. LEGAL STANDARD

Under Federal Rule of Bankruptcy Procedure 8007(b), a motion for stay pending appeal may be made to the district court, the Bankruptcy Appellate Panel ("BAP"), or the Court of Appeals on direct appeal. Fed. R. Bankr. P. 8007(b). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and citation omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal quotation marks, citation, and brackets omitted). The party seeking a stay bears the burden of showing that the circumstances justify a stay. *Id.* at 433-34.

In considering whether to grant a stay pending appeal, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (internal quotation marks and citation omitted). The first two factors are the most critical. *Id.* However, "[t]he party moving for a stay has the burden of proof on each of these elements, and the movant's failure to satisfy one prong of the standard dooms the motion." *In re Silva*, No. 9:10-bk-14135-PC, 2015 WL 1259774, at *4 (C.D. Cal. Mar. 17, 2015); *see also In re Rivera*, No. 5:15-cv-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015) ("a failure on any one factor dooms the motion") (internal quotation marks and citation omitted).

## III. DISCUSSION

Vitalich has not carried his burden of proof on any, let alone all, of the factors articulated above.

### A. Strong Showing that Likely to Succeed on the Merits

Vitalich must make a "strong showing" that he is likely to succeed on the merits. *Nken*, 418 U.S. at 434. A showing of the mere "possibility" of success on the merits is insufficient. *Id.*

Vitalich argues that the Bankruptcy Court erred in concluding that § 362(c)(3)(A) terminates the automatic stay not only with respect to the debtor and debtor's property but *also*

3

1  with respect to property of the estate. He contends that § 362(c)(3)(A) does not terminate the
2  automatic stay with respect to property of the bankruptcy estate; that the Seaside property is
3  property of the bankruptcy estate; and that as a result the automatic stay remains in effect as to the
4  Seaside property.

5        The scope of § 362(c)(3)(A) is an open question which has been addressed by two lines of
6  cases. The Ninth Circuit BAP has described those two lines of cases as the "majority" view, under
7  which § 362(c)(3)(A) terminates the automatic stay only with respect to the debtor and debtor's
8  property but *not* with respect to property of the estate, and the "minority" view, under which
9  § 362(c)(3)(A) terminates the automatic stay in its entirety, that is, with respect to the debtor,
10  debtor's property, *and* property of the estate. *See In re Reswick*, 446 B.R. 362, 365-66 (9th Cir.
11  BAP 2011). The Ninth Circuit BAP has adopted the minority view. *Id.* at 373. Vitalich does not
12  acknowledge this fact in his emergency motion for stay, and he instead cites to a single out-of-
13  circuit bankruptcy decision, *In re Johnson*, 335 B.R. 805 (Bankr. W.D. Tenn. 2006), which adopts
14  the majority view. Vitalich does not explain why this Court should follow *Johnson* instead of the
15  well-reasoned decision in *Reswick*, which, although not controlling, is persuasive authority. *See In
16  re Silverman*, 616 F.3d 1001, 1005 n.1 (9th Cir. 2010) (explaining that "we treat the BAP's
17  decisions as persuasive authority given its special expertise in bankruptcy issues and to promote
18  uniformity of bankruptcy law throughout the Ninth Circuit").

19        Accordingly, Vitalich has not made a strong showing that he is likely to succeed on the
20  merits of his appeal.

21        **B.**     **Irreparable Injury**

22        Vitalich must show that he will suffer irreparable injury absent a stay; the mere
23  "possibility" of irreparable injury is not enough. *Nken*, 556 U.S. at 434-35.

24        Vitalich argues that "the property of the state [sic] may be lost on to [sic] foreclosure
25  scheduled on next Monday, May 23, 2016 which cause [sic] irreparable injury to the 'property of
26  the estate.'" Motion to Shorten Time, Declaration, ¶ 3, ECF 17-1. The fact that the Seaside
27  property may be sold does not demonstrate that Vitalich will suffer irreparable injury. Vitalich has
28  not presented any evidence that the Seaside property is his primary residence or is anything other

United States District Court
Northern District of California

than an investment. *See Aniel v. Aurora Loan Services LLC*, No. C 10-01042 JSW, 2010 WL 963206, at *3 (N.D. Cal. Mar. 16, 2010) (showing of irreparable injury weakened where property subject to foreclosure was not primary residence). At the hearing on the motion for stay, Vitalich conceded that he does not reside at the Seaside property. He stated that his wife "would like to" make the Seaside property her primary residence, which the Court took to be an argument that his wife would suffer irreparable injury absent a stay. Mrs. Vitalich is not a party to this action. Thus even if Vitalich's statement regarding his wife's wishes constituted evidence that could be considered by the Court, such evidence would not support a stay because it would not demonstrate irreparable injury *to Vitalich*.

Under these circumstances, Vitalich has not shown that he will suffer irreparable injury absent a stay.

### C. Harm to Other Parties

Vitalich also has failed to demonstrate that issuance of the requested stay will not harm other parties, in particular, BNY Mellon. BNY Mellon has scheduled a foreclosure sale of the Seaside property to satisfy a debt. Based upon the filings in Vitalich's three bankruptcy actions, of which the Court takes judicial notice, it appears that BNY Mellon has made numerous attempts to foreclose upon the Seaside property over a span of approximately eight years, and that Vitalich has stymied those attempts by filing serial bankruptcy petitions and adversary proceedings. *See, e.g.* Bankr. Case Nos. 10-50221, 15-52814, 15-53524; Adv. Proc. Case No. 16-05008.[2]

At the hearing, Vitalich argued that all of his debts were discharged in one of his prior bankruptcy actions and that BNY Mellon does not have legal authority to foreclose upon the Seaside property, and he made other arguments of a similar nature. Those arguments are outside the scope of the pending appeal and the motion for stay. The *only* order appealed by Vitalich to

---

[2] While it takes judicial notice of Vitalich's bankruptcy actions and the filing of documents therein, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (permitting judicial notice of court filings and other matters of public record), the Court denies both parties' requests for judicial notice of additional documents. *See* Appellant's RJN, ECF 21; Appellee's RJN, ECF 20. While a number the documents submitted by the parties are of a type that may be judicially noticeable, for example, documents recorded in the Monterey County Recorder's Office, the Court concludes that they are unnecessary to determination of the narrow issues before it.

this Court is the Bankruptcy Court's order confirming that the automatic stay expired thirty days after Vitalich's Chapter 11 petition was filed. The *only* issue presented in Vitalich's current motion is whether this Court should stay the Bankruptcy Court's order pending disposition of the appeal of that order. The Court cannot consider evidence or argument that goes beyond those narrow issues.

Based upon this record, Vitalich has not shown that other parties will not be harmed if the requested stay is issued.

### D. Public Interest

Vitalich does not present any argument regarding the last factor, public interest.

### IV. ORDER

For the foregoing reasons, Vitalich's motion for a stay pending appeal is DENIED.

Dated: May 20, 2016

_____
BETH LABSON FREEMAN
United States District Judge