**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN VITALICH,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>THE BANK OF NEW YORK MELLON,<br>fka BANK OF NEW YORK,<br><br>　　　　　Appellee. | Case No. 16-cv-00420-BLF<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER ON MOTION FOR AN ORDER CONFIRMING NO AUTOMATIC STAY IN EFFECT** |

Debtor/Appellant John Vitalich, proceeding pro se, has appealed an order of the Bankruptcy Court holding that the automatic stay terminated on December 6, 2015 with respect to the interest of Appellee BNY Mellon[1] in certain property of the bankruptcy estate, specifically, a parcel of real property located in Seaside, California ("the Seaside property"). The appeal turns on the question of whether the Bankruptcy Court properly applied 11 U.S.C. § 362(c)(3)(A) to terminate the automatic stay not only as to the debtor and the debtor's property, but also as to the property of the bankruptcy estate. For the reasons discussed below, the Bankruptcy Court's order is AFFIRMED.

**I.     BACKGROUND**

Vitalich has filed serial bankruptcy cases and adversary proceedings which have prevented BNY Mellon from foreclosing on the Seaside property for more than eight years. Vitalich filed the Chapter 11 petition in the current case on November 6, 2015. Petition, Appellee's Suppl.

---

[1] For the sake of convenience, the Court uses the shortened name "BNY Mellon" to refer to Appellee The Bank of New York Mellon, fka Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2006-OC3, Mortgage Pass-Through Certificates, Series 2006-OC3, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

1  Appx. Tab BDE #1, ECF 27-2.[2]  On December 1, 2015, Vitalich filed a "Motion for an Order to
2  Extend or Impose the Automatic Stay in Pursuant to 11 U.S.C. § 362(c)(3) [or (4)]," stating that
3  absent further order of the Bankruptcy Court, the automatic stay would terminate on December 6,
4  2015.  Motion for an Order to Extend or Impose the Automatic Stay, Appellee's Suppl. Appx. Tab
5  BDE #21, ECF 27-4.  The statute referenced in the caption of Vitalich's motion, 11 U.S.C. §
6  362(c)(3), provides in relevant part that when a debtor files a second bankruptcy case within one
7  year after dismissal of an earlier bankruptcy case, the automatic stay "shall terminate with respect
8  to the debtor on the 30th day after the filing of the later case."  11 U.S.C. § 362(c)(3)(A).  Upon
9  the motion of any party in interest, and if notice is given and a hearing held before expiration of
10 the thirty-day period, the court may extend the stay as to any or all creditors if the moving party
11 demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.  11
12 U.S.C. § 362(c)(3)(B).[3]

13   Vitalich stated in his motion before the Bankruptcy Court that he had filed a prior Chapter
14 11 case in August 2015 which had been dismissed in September 2015, less than one year before
15 his filing of the current Chapter 11 case.  Motion for an Order to Extend or Impose the Automatic
16 Stay, Appellee's Suppl. Appx. Tab BDE #21, ECF 27-4.  Vitalich stated that as a result of the
17 prior bankruptcy case, the automatic stay in the present case would terminate on December 6,
18 2016.  *Id.*  He requested that the Bankruptcy Court extend or impose the automatic stay as to all
19 creditors.  *Id.*  The Bankruptcy Court denied Vitalich's motion and his subsequent motion for
20 reconsideration of that ruling.  BR Docket, Appellee's Suppl. Appx. Tab BDE DKT, ECF 27-1.
21 Both the initial ruling and the denial of reconsideration were made orally on the record without
22 written order.  *Id.*

---

[2] Appellee's Supplemental Appendix uses tabs keyed to the bankruptcy docket.  Thus Vitalich's Chapter 11 petition, the first document filed in the bankruptcy case, is identified by a tab marked "BDE #1," which stands for "Bankruptcy Docket Entry No. 1."

[3] Vitalich's motion referenced not only § 362(c)(3), discussed above, but also § 362(c)(4).  However, § 362(c)(4) provides in relevant part that when a debtor files a bankruptcy case within one year after dismissal of two or more earlier bankruptcy cases, the automatic stay "shall not go into effect upon the filing of the later case."  11 U.S.C. § 362(c)(4)(A).  Vitalich's motion stated expressly that he had only one bankruptcy case pending in the one-year period before filing the present case, rendering § 362(c)(4) inapplicable.

On December 8, 2015, BNY Mellon filed a motion seeking confirmation that under § 362(c)(3)(A) the automatic stay had terminated on December 6, 2015, thirty days after the filing of the present bankruptcy case.  Motion for an Order Stating no Automatic Stay in Effect or, Alternatively, for Relief from Automatic Stay and Sanctions against the Debtor, Appellee's Suppl. Appx. Tab BDE #30, ECF 27-6.  BNY Mellon alternatively requested relief from the automatic stay.  *Id.*

On December 31, 2015, the Bankruptcy Court issued the written order that is the subject of the present appeal, titled "Order on Motion for an Order Confirming No Automatic Stay in Effect."  Order on Motion for an Order Confirming No Automatic Stay in Effect, Appellee's Suppl. Appx. Tab BDE #39, ECF 27-7.  In that order the Bankruptcy Court held that "the automatic stay provisions of 11 U.S.C. § 362 expired on 12/6/15" with respect to BNY Mellon's interest in the Seaside property, and that BNY Mellon "may complete its foreclosure of said real property and proceed with post-foreclosure remedies, including any unlawful detainer action."  *Id.*  The Bankruptcy Court did not address BNY Mellon's alternative request for relief from the automatic stay.  *Id.*

Vitalich timely appealed the Bankruptcy Court's order and elected to have the appeal heard by the district court rather than the Bankruptcy Appellate Panel.  Notice of Appeal and Statement of Election, Appellee's Suppl. Appx. Tab BDE #43, ECF 27-8.  Both the Bankruptcy Court and this Court denied Vitalich's motions for a stay pending appeal.  Order on Debtor's Motion for Stay Pending an Appeal, Appellee's Suppl. Appx. Tab BDE #77, ECF 27-10; Order Denying Appellant's Emergency Motion for Stay Pending Appeal, ECF 23.  It is unclear whether BNY Mellon has foreclosed on the Seaside property or otherwise acted to enforce its interest in the property.  The bankruptcy case is ongoing.

**II.  ISSUE PRESENTED**

The single issue on appeal is whether the Bankruptcy Court erred as a matter of law in holding that the automatic stay expired as to the Seaside property, which is property of the bankruptcy estate, thirty days after the present bankruptcy case was filed.  While Vitalich's prior filings in the Bankruptcy Court reflected a belief that § 362(c)(3)(A) applied to the Seaside

3

property, he now takes the position that § 362(c)(3)(A) terminates the automatic stay only as to the debtor and debtor's property but *not* as to property of the estate.[4]

## III.   JURISDICTION

This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of bankruptcy courts.  28 U.S.C. § 158(a)(1).  The Ninth Circuit has "adopted a pragmatic approach to finality in bankruptcy . . . [that] emphasizes the need for immediate review, rather than whether the order is technically interlocutory."  *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (internal quotation marks and citation omitted) (alterations in original).  "[A] bankruptcy court order is considered to be final and thus appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed."  *Id.* (internal quotation marks and citation omitted) (alterations in original).

Neither party addresses the issue of whether the Bankruptcy Court's Order on Motion for an Order Confirming No Automatic Stay in Effect is a final, appealable order, although BNY Mellon asserts conclusorily that this Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158.  The Court has been unable to discover a case specifically addressing the appealability of a bankruptcy court's order confirming termination of the automatic stay under § 362(c)(3)(A).  Unpublished decisions of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") have treated such orders as appealable without discussion.  *See, e.g, In re Genaro*, Nos. AK-06-1358-ZRB, 06-00198, 2007 WL 7535064 (9th Cir. BAP 2007).  A published decision of the Ninth Circuit BAP addressed the proper interpretation of § 362(c)(3)(A) on appeal, but in the context of an appeal from the bankruptcy court's order denying the debtor's motion for damages for violation of the automatic stay, not in the context of a freestanding order confirming termination of the automatic stay.  *See In re Reswick*, 446 B.R. 362 (9th Cir. BAP 2011).

---

[4] Vitalich's briefing identifies a number of other issues that he appears to believe are encompassed by his appeal, including whether BNY Mellon has legal standing to seek relief from the automatic stay, foreclose on the Seaside property, and institute unlawful detainer proceedings.  Vitalich also asserts that the Bankruptcy Court erred in denying his motion to extend or impose the automatic stay and his motion for reconsideration of the Bankruptcy Court's ruling.  Those issues are outside the scope of the appeal, which is limited to the Bankruptcy Court's Order on Motion for an Order Confirming No Automatic Stay in Effect, Bankruptcy Docket Entry 39.  *See* Notice of Appeal and Statement of Election, Appellee's Suppl. Appx. BDE #43, ECF 27-8.

This Court concludes that an order confirming termination of the automatic stay under § 362(c)(3)(A) is final and appealable, as such an order "resolves and seriously affects substantive rights" and "finally determines the discrete issue to which it is addressed." *See Rosson*, 545 F.3d at 769. This conclusion is consistent with the cases cited above, and with Ninth Circuit cases holding that "[o]rders granting or denying relief from the automatic stay are deemed to be final orders." *In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997). While the Bankruptcy Court's order in this case did not grant or deny relief from the automatic stay, but rather confirmed its termination as a matter of law, the issues are so closely related that this Court is of the view that the Ninth Circuit likewise would conclude that orders confirming termination of the automatic stay under § 362(c)(3)(A) are final and appealable.

## IV. STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's conclusions of law de novo and findings of fact for clear error. *In re Sunnyslope Hous. Ltd. P'ship*, 818 F.3d 937, 945 (9th Cir. 2016). Because there were no factual disputes regarding the filing date of the current bankruptcy case or the pendency of a prior bankruptcy case within the one-year period preceding the filing of the current case, the Bankruptcy Court's order confirming termination of the automatic stay turned on the purely legal issue of whether § 362(c)(3)(A) applies to property of the estate such as the Seaside property. This Court reviews the Bankruptcy Court's determination of that legal issue de novo.

BNY Mellon characterizes the Bankruptcy Court's Order on Motion for an Order Confirming No Automatic Stay in Effect as "an order granting relief from the automatic stay," and based upon that characterization asserts that the standard of review is abuse of discretion. *See Moldo v. Matsco, Inc. (In re Cybernetic Servs.)*, 252 F.3d 1039, 1045 (9th Cir. 2001) ("We review for abuse of discretion orders granting relief from an automatic stay."). However, the Bankruptcy Court's order did not grant *relief* from the automatic stay – it determined that the automatic stay had *expired*. Because the Bankruptcy Court's order was based upon a conclusion of law rather than the exercise of its discretion, this Court concludes that the appropriate standard of review is de novo rather than abuse of discretion. *See In re Genaro*, 2007 WL 7535064, at *1 (applying de

novo standard).[5]

## V. DISCUSSION

### A. Untimeliness of Opening Brief on Appeal

BNY Mellon asserts that Vitalich's appeal should be dismissed for failure to timely file the opening brief. *See* Fed. R. Bankr. P. 8018(a)(4) (district court may dismiss appeal for failure to file brief on time). Vitalich filed his opening brief on April 30, 2016, one day beyond the April 29, 2016 deadline set by the Court upon Vitalich's second request for an extension of time. *See* Appellant's Opening Brief, ECF 13; Order Granting Appellant's Second Request for an Extension of Time to File Opening Brief on Appeal, ECF 12. In light of Vitalich's pro se status, and absent any demonstrated prejudice to BNY Mellon, the Court declines to dismiss the appeal on this basis.

### B. Scope of § 362(c)(3)(A)

The scope of § 362(c)(3)(A) is an open question which has been addressed by two lines of cases. The Ninth Circuit BAP has described those two lines of cases as the "majority" view, under which § 362(c)(3)(A) terminates the automatic stay only with respect to the debtor and debtor's property but *not* with respect to property of the estate, and the "minority" view, under which § 362(c)(3)(A) terminates the automatic stay in its entirety, that is, with respect to the debtor, debtor's property, *and* property of the estate. *See In re Reswick*, 446 B.R. 362, 365-66 (9th Cir. BAP 2011). The Ninth Circuit BAP adopted the minority view in its *Reswick* opinion. *See id.* at 373. However, decisions of the BAP are not binding on this Court. *See In re Silverman*, 616 F.3d 1001, 1005 (9th Cir. 2010)

Most bankruptcy courts within the Ninth Circuit have followed *Reswick* in determining that § 362(c)(3)(A) terminates the automatic stay in its entirety. *See, e.g., In re Wilson*, No. 15-01642-FPC7, 2016 WL 3751620, at *3 n.6 (Bankr. E.D. Wa. July 7, 2016); *In re Whitescorn*, No. 13-60159-fra13, 2013 WL 1121393, at *2 (Bankr. D. Ore. Mar. 14, 2013); *In re Smith*, 481 B.R. 633, 636 n.4 (Bankr. D. Nev. 2012); *In re Jackola*, No. 11-01278, 2011 WL 2518930, at *3

---

[5] In this particular case, it makes no practical difference which standard of review is applied. As discussed below, this Court affirms the Bankruptcy Court's order under the de novo standard, and thus would affirm under the more deferential abuse of discretion standard as well.

(Bankr. D. Haw. June 22, 2011). This Court is aware of one bankruptcy court within the Ninth Circuit that has declined to follow *Reswick* and instead has adopted the majority view. *See In re Rinard*, 451 B.R. 12 (Bankr. C.D. Cal. 2011). Given the lack of binding precedent and the split of authority, this Court must perform its own statutory construction of § 362(c)(3)(A). In doing so, this Court treats *Reswick* as persuasive authority. *See In re Silverman*, 616 F.3d at 1005 (Ninth Circuit "treat[s] the BAP's decisions as persuasive authority given its special expertise in bankruptcy issues and to promote uniformity of bankruptcy law throughout the Ninth Circuit").

Section 362(c)(3)(A) provides as follows:

> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease *shall terminate with respect to the debtor* on the 30th day after the filing of the later case.

11 U.S.C. § 362(c)(3)(A) (emphasis added).

### 1. Principles of Statutory Construction

"It is well established that when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (internal quotation marks and citation omitted). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997); *see also Boise Cascade Corp. v. United States Envtl. Protection Agency*, 942 F.2d 1427, 1432 (9th Cir. 1991) ("[W]e must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous."). When a statute is ambiguous, a court construing it "may seek guidance in the statutory structure [and] relevant legislative history." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 737 (1985).

### 2. Construction of § 362(c)(3)(A)

The majority interpretation concludes that the phrase "with respect to the debtor" draws an unambiguous distinction between the debtor and debtor's property on the one hand and the property of the estate on the other. *See Reswick*, 446 B.R. at 366 (collecting cases). Given this distinction, the majority view is that on the thirtieth day after the later bankruptcy case is filed, the automatic stay terminates only with respect to the debtor and the debtor's property but not as to property of the estate. *See In re Jumpp*, 356 B.R. 789, 796 (1st Cir. BAP 2006) (concluding "that this portion of section 362(c)(3)(A) is unambiguous"); *In re Rinard*, 451 B.R. at 20 ("There is no mention of the Estate in the text. There are no fuzzy words; there are no hanging paragraphs; there are no words requiring a dictionary."); *In re Jones*, 339 B.R. 360, 363 (Bankr. E.D.N.C. 2006) ("Section 362(c)(3)(A) provides that the stay terminates 'with respect to the debtor.' How could that be any clearer?").

The minority interpretation acknowledges that the construction urged by the majority is reasonable but concludes that there are other reasonable constructions. *See Reswick*, 446 B.R. at 366 (collecting cases). Noting that § 362(c)(3) begins by referencing "a single or joint case," the cases following the minority view point out that the phrase "with respect to the debtor" in § 362(c)(3)(A) may simply distinguish between the debtor and the debtor's spouse. *See In re Daniel*, 404 B.R. 318, 326 (Bankr. N.D. Ill. 2009) ("In a joint case, it may be that one of the spouses (a 'serially-filing' spouse) had a prior bankruptcy case dismissed within a year of the pending filing, while the other (a 'newly-filing' spouse) did not."); *In re Jupiter*, 344 B.R. 754, 759 (Bankr. D.S.C. 2006) ("[I]n a joint case, a 'debtor' may not necessarily mean both debtors if one debtor did not have a case dismissed within the year prior to the current petition date."). Under this interpretation, on the thirtieth day after the later bankruptcy case is filed, the automatic stay terminates entirely, but only as to the debtor who filed the earlier bankruptcy case. The joint debtor who did not file the earlier bankruptcy case would remain fully protected.

This Court agrees that both the interpretations discussed above are reasonable and thus that the plain reading approach urged by the majority does not resolve the question of how § 362(c)(3)(A) should be construed. "A statute is ambiguous . . . if it is subject to more than one

United States District Court
Northern District of California

*reasonable* interpretation." *John v. United States*, 247 F.3d 1032, 1042 (9th Cir. 2001). The Court therefore seeks guidance in the statutory structure and the legislative history.

Section 362(c)(3) and the following section, § 362(c)(4), were added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which was enacted by Congress "to correct perceived abuses of the bankruptcy system." *Milavetz, Gallop & Milavetz, P.A. v. United States,* 559 U.S. 229, 231-32 (2010); *Reswick*, 446 B.R. at 372. Section 302 of the BAPCPA, which added §§ 362(c)(3) and 362(c)(4), was titled "Discouraging Bad Faith Repeat Filings." *Reswick*, 446 B.R. at 372. Under preexisting § 362(a), a debtor who files a bankruptcy case ordinarily is entitled to the protection of the automatic stay during the pendency of the bankruptcy proceedings. 11 U.S.C. § 362(a). Section 362(c)(3), added by the BAPCPA, limits that protection for a repeat filer who files a bankruptcy case within one year of dismissal of an earlier bankruptcy case, terminating the automatic stay on the thirtieth day after the filing of the later case. 11 U.S.C. § 362(c)(3)(A). Section 362(c)(4), also added by the BAPCPA, eliminates the protection altogether for a repeat filer who files a bankruptcy case within one year of dismissal of two or more earlier bankruptcy cases, providing that the automatic stay "shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A).

It appears inconsistent with this scheme of deterrence to permit a repeat filer falling within § 362(c)(3)(A) to retain the protection of the automatic stay for property of the bankruptcy estate, which as a practical matter usually consists of all significant assets. The *Reswick* court observed that such an interpretation "would provide no meaningful relief to creditors in chapter 13 cases, where repeat filings are most prevalent." *Reswick*, 446 B.R. at 368. The *Reswick* court explained that "[c]reditors in a chapter 13 case could take no action against property that the debtor owned at the time the case was commenced, because it is property of the estate under section 541(a)(1), and they could take no action against property that the debtor acquired post-petition because it would also constitute property of the estate under section 1306(a)." *Id.* (footnotes omitted).

As discussed above, the majority view is that the text of the statute is so plain that no consideration of legislative history or purpose is required. However, to the extent that the cases adopting the majority view take up those issues, they conclude that the majority interpretation "is

9

also consistent with the policies behind bankruptcy law." *Rinard*, 451 B.R. at 19 (internal quotation marks and citation omitted). Those cases conclude that the core policy of bankruptcy law is obtaining equitable distribution for creditors, and they observe that this policy would be circumvented "by allowing a single creditor, who may be oversecured, full access to property that would otherwise be property of the estate." *Id.* (internal quotation marks and citation omitted). While that concern is a serious one, this Court does not find it likely that Congress would address it by offering protection to creditors of a repeat filer with one prior case under § 362(c)(3), while offering no protection to creditors of a repeat filer with two or more prior cases under § 362(c)(4). Moreover, Congress did address the possibility of a single oversecured creditor by providing that any "party in interest" may seek to extend the automatic stay before it terminates under § 362(c)(3)(A) or to impose the automatic stay that otherwise would not take effect under § 362(c)(4)(A). *See* 11 U.S.C. § 362(c)(3)(B), 362(c)(4)(B).

Having considered the language of the statute itself, the statutory structure, the legislative intent, the cases articulating both the majority and minority views, and in particular the Ninth Circuit BAP's lengthy and well-reasoned opinion discussing all of the above, this Court concludes that § 362(c)(3)(A) terminates the automatic stay entirely and not only with respect to the debtor and the debtor's property. Accordingly, this Court concludes that the Bankruptcy Court did not err in entering its Order on Motion for an Order Confirming No Automatic Stay in Effect.

### C.     BNY Mellon's Alternative Request for Relief from Stay

BNY Mellon argues that regardless of the correct interpretation of § 362(c)(3)(A), this Court may affirm the Bankruptcy's Court's Order on Motion for an Order Confirming No Automatic Stay in Effect on the alternative ground that the Bankruptcy Court could have granted BNY Mellon discretionary relief from the automatic stay. BNY Mellon relies on *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983), and *Leptich v. City College of San Francisco*, 134 F.3d 378, 1998 WL 22037 (Jan. 15, 1998) (table), for the proposition that a lower court's decision must be affirmed if correct, even if the lower court relied upon the wrong reason for its ruling.

BNY Mellon's reliance on *Keniston* and *Leptich* is misplaced. In *Keniston*, the Ninth Circuit concluded that the district court had erred in dismissing the case for lack of jurisdiction but

10

went on to determine whether dismissal could be upheld on a different legal ground, failure to state a claim upon which relief can be granted. *Keniston*, 717 F.2d at 1300. The Ninth Circuit concluded that dismissal could not be upheld on the basis of failure to state a claim, because it was not clear that amendment would be futile. *Id.* In *Leptich*, the Ninth Circuit held that the district court had erred in dismissing based upon the plaintiff's failure to raise her Americans with Disabilities Act claim in her administrative complaint, but it affirmed the dismissal because the plaintiff's administrative complaint was untimely. *Leptich*, 1998 WL 22037, at *2. In both *Keniston* and *Leptich*, the Ninth Circuit considered whether the order of dismissal *actually issued* by the district court could be upheld based upon a different legal basis than was articulated in the order. In the present case, BNY Mellon requests that this Court consider whether an order granting relief from stay that was *not issued* by the Bankruptcy Court *could have been issued* based upon the record that existed at the time. BNY Mellon's request goes beyond the scope of *Keniston* and *Leptich*, and this Court declines to determine in the first instance on appeal whether discretionary relief from stay could have or should have been granted by the Bankruptcy Court.

Accordingly, this Court concludes that BNY Mellon's alternative request for relief from stay does not provide a basis for affirming the Bankruptcy Court's order. However, as discussed above, the Court affirms the Bankruptcy Court's order on the basis that the Bankruptcy Court correctly interpreted § 362(c)(3)(A).

**VI.   ORDER**

The Bankruptcy Court's Order on Motion for an Order Confirming No Automatic Stay in Effect is AFFIRMED. The Clerk of the Court shall close the file.

Dated: August 10, 2016

_____
BETH LABSON FREEMAN
United States District Judge